1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10    CLARENCE ROBERTS, JR.,

11            Petitioner,              No. 2:10-cv-3321-JFM (HC)

12        vs.

13    HIGH DESERT STATE PRISON,        <u>ORDER</u>

14            Respondent.              <u>FINDINGS & RECOMMENDATIONS</u>

15    _____/

16            Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of

17    habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma

18    pauperis.

19            Examination of the affidavit reveals petitioner is unable to afford the costs of this

20    action.  Accordingly, leave to proceed in forma pauperis is granted.  28 U.S.C. § 1915(a).

21            Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

22    dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to

23    it that the petitioner is not entitled to relief in the district court ...." Rule 4 of the Rules

24    Governing Section 2254 Cases.  The court must summarily dismiss a petition "[i]f it plainly

25    appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

26    the district court...."  Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see</u>

                                              1

1  also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a

2  petition (1) specify all grounds of relief available to the Petitioner; (2) state the facts supporting

3  each ground; and (3) state the relief requested. Notice pleading is not sufficient; rather, the

4  petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory

5  Committee Notes, 1976 Adoption; O'Bremski, 915 F.2d at 420.  Allegations in a petition that are

6  vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks, 908

7  F.2d at 491.

8         Petitioner here challenges a $18.00 deduction from his Trust Account for a

9  medical appliance (a hearing aid).  When a prisoner challenges the fact or duration of his custody

10  and a determination of his action may result in plaintiff's entitlement to an earlier release, his

11  sole federal remedy is a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475 (1973);

12  Young v. Kenny, 907 F.2d 874 (9th Cir. 1990).  Here, petitioner is not challenging his conviction

13  but rather is challenging the deduction of funds from his prison trust account pursuant to

14  California Department of Corrections' regulations or policy.  See Ramirez v. Galaza, 334 F.3d

15  850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a

16  successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."),

17  cert. denied 541 U.S. 1063 (2004).  This court lacks habeas jurisdiction and petitioner's

18  challenge to the deduction of funds from his trust account is properly raised through a civil rights

19  complaint brought pursuant to 42 U.S.C. § 1983.  See Brasure v. Ayers, No. C 06-5823 JF (PR),

20  2007 WL 518990 *1 (N.D.Cal. Feb.14, 2007) (dismissing habeas action because petitioner's

21  claim concerning the collection of his restitution order was appropriately addressed in a civil

22  rights action).

23         Accordingly, IT IS HEREBY ORDERED that a district judge be assigned to this

24  case; and

25         IT IS HEREBY RECOMMENDED that petitioner's petition be dismissed without

26  leave to amend.

1  /////

2          These findings and recommendations are submitted to the United States District

3  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

4  days after being served with these findings and recommendations, any party may file written

5  objections with the court and serve a copy on all parties.  Such a document should be captioned

6  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

7  objections shall be filed and served within fourteen days after service of the objections.  The

8  parties are advised that failure to file objections within the specified time may waive the right to

9  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

10  DATED: April 19, 2011.


12                                              _____
                                                UNITED STATES MAGISTRATE JUDGE


14  /014;robe3321.114